**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AARON IVAN JORDAN,

      Plaintiff - Appellant,

v.

CHARLES KEYS, Neighborhood
Services; JAY VANKAM, Aurora P.D.;
DIANNA COOLEY, Aurora P.D.;
DENNIS HOUCK, H.O.A. President,

      Defendants - Appellees.

No. 15-1479
(D.C. No. 1:15-CV-02134-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

In this pro se 42 U.S.C. § 1983 action, Aaron Ivan Jordan claims the

defendants violated his rights under the First, Fourth, and Fourteenth amendments by

conspiring to arrest him unlawfully on at least three occasions. In a detailed and

well-reasoned order, the district court dismissed each of the claims contained in

Jordan's second amended complaint.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jordan's Fourth Amendment claims were dismissed without prejudice. Specifically, his claims based on the May 2013 arrests failed under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) because he failed to allege the resulting "criminal conviction(s) were dismissed, reversed on direct appeal, or otherwise vacated." R. at 128. His claims based on his 2015 arrest suffered the same fate because the ensuing state criminal proceeding was still pending. *See Younger v. Harris*, 401 U.S. 37, 45 (1971).

As Jordan's other constitutional claims are frivolous, the district judge dismissed them with prejudice. His claims against defendant Houck failed to allege Houck's conduct was attributable to the state, which is a requirement for liability under § 1983. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014). His claims against defendants Keys, Vankam, and Cooley failed because Jordan sued them in their official capacities, but failed to allege that their employer—the City of Aurora—had "an unconstitutional policy or custom" that caused his injuries. R. at 135-36. Finally, he failed to allege facts sufficient to establish his due process or retaliation claims.

The district judge also denied Jordan's request to proceed on appeal without prepayment of fees because an appeal could not be taken in good faith. Jordan then petitioned this court for leave to proceed without prepayment of fees. Like the district judge, we determined the claims to be legally frivolous (failing to provide neither cogent nor coherent argument calling the dismissals into question) and denied

2

the request in an Order dated April 12, 2016. Jordan then paid the filing and docketing fees.

Jordan has filed a lengthy, rambling brief and provided numerous attachments. In spite of their length, his filings are insufficient to entitle Jordan to relief from this court. They either contain matters not presented to the district court or do not satisfy the minimal pleading requirements necessary to state viable causes of action (even when solicitously considered). Since Jordan failed to coherently state actionable claims after being afforded opportunities to amend his complaint, we affirm the district court's disposition of this matter. We do so for substantially the same reasons stated in its thorough and compelling Order of Dismissal entered on December 3, 2015.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

3